RICHARD D. SCHRAMM (SBN 151696)
GRAINNE CALLAN (SBN 318962)
EMPLOYMENT RIGHTS ATTORNEYS
1500 E. Hamilton Ave., Suite 118
Campbell, California 95008
Tel: (408) 796-7551
Fax: (408) 796-7368

Attorneys for Defendant Kenneth S. Manrao, an individual.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

-oo0oo-

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, <br><br> Plaintiff, <br><br> v. <br><br> KENNETH S. MANRAO, an individual, dba Hotel Elan, <br><br> Defendant. | Case No. 5:18-cv-01568 <br><br> ANSWER OF DEFENDANT KENNETH S. MANRAO |

Defendant Kenneth S. Manrao ("Defendant" or "Mr. Manrao") responds to the March 12, 2018 Complaint of Plaintiff Theresa Brooke ("Plaintiff" or "Ms. Brooke"), as follows:

1. In response to paragraph 1 of the Complaint, Defendant has no knowledge or belief about whether Plaintiff is an Arizona or California resident, has or does not have a physical disability, or is legally disabled, as stated in this Complaint. On this basis Defendants deny this allegation.

2. In response to paragraph 2 of the Complaint, Defendant admits that at the address indicated, a business incorporated in California under the name of Hotel Elan exists and operates, as the hotel, Hotel Elan, located at 1215 South First St., San Jose, CA 95110. Defendant admits that his hotel is a public accommodation pursuant to 42 U.S.C. §12181(7)(A), which offers public lodging services.

//

3.      In response to paragraph 3 of the Complaint, Defendant avers that the provisions of 28 U.S.C. § 1331 and 32 U.S.C. §12188 speak for themselves as to their requirements.  Defendant also avers that the provision of 28 U.S.C. §1367 speaks for itself as to its requirements.  Except as so averred, Defendant denies all allegations therein.

4.      In response to paragraph 4 of the Complaint, Defendant admits Defendant does substantial business in this judicial district, but denies knowledge of the claims asserted herein arising in this judicial district. Except as so admitted, Defendant denies all allegations therein.

5.      In response to paragraph 5 of the Complaint, Defendant admits that the provisions of 28 U.S.C. § 1391 (b) and (c)  speak for themselves as to their requirements.  Defendant admits that the address identified in this Complaint is located within the jurisdiction of this federal court, but Defendant denies any knowledge of whether a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district. Except as so admitted, Defendant denies all allegations therein.

6.      In response to paragraph 6 of the Complaint, Defendant avers that the provisions of the Americans with Disabilities Act ("ADA") speak for themselves as to their requirements and purpose. Except as so averred, Defendant denies all allegations therein.

7.      In response to paragraph 7 of the Complaint, Defendant avers that the provisions of the ADA speak for themselves.  Except as so averred, Defendant denies all allegations therein.

8.      In response to paragraph 8 of the Complaint, Defendant avers that 42 U.S.C. §12181-12189, the ADA, and Title III therein, speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

9.      In response to paragraph 9 of the Complaint, Defendant avers that Title III of the ADA, 28 CFR Part 36, speaks for itself. Except as so averred, Defendant denies all allegations therein.

10.     In response to paragraph 10 of the Complaint, Defendant avers that Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36), which contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board, speaks for itself. Except as so averred, Defendant denies all allegations therein.

11.     In response to paragraph 11 of the Complaint, Defendant avers that the Access Board's

updates to the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local governmental entities, as well as individuals with disabilities, speak for themselves. Except as so averred, Defendant denies all allegations therein.

12. In response to paragraph 12 of the Complaint, Defendant avers that the Access Board's issuance of a notice of proposed rulemaking to update and revise its ADA and ABA Accessability guidelines as of 1999 speaks for itself. Except as so averred, Defendant denies all allegations therein.

13. In response to paragraph 13 of the Complaint, Defendant avers that the Access Board's final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG") speaks for itself. Except as so averred, Defendant denies all allegations therein.

14. In response to paragraph 14 of the Complaint, Defendant avers that the DOJ's issuance of an advanced notice of proposed rulemaking speaks for itself. Except as so averred, Defendant denies all allegations therein.

15. In response to paragraph 15 of the Complaint, Defendant avers that the DOJ's publishing its notice of rulemaking speaks for itself. Except as so averred, Defendant denies all allegations therein.

16. In response to paragraph 16 of the Complaint, Defendant avers that the DOJ's issuance of The 2010 Standards for Accessible Design, and the DOL's Final Rule detailing the 2010 Standards, speak for themselves. Except as so averred, Defendant denies all allegations therein.

17. In response to paragraph 17 of the Complaint, Defendant avers that the mandatory requirement of Section 242.2 of the 2010 Standards speaks for itself. Except as so averred, Defendant denies all allegations therein.

18. In response to paragraph 18 of the Complaint, Defendant avers that the Unruh Civil Rights Act and the California Disabled Persons Act speak for themselves. Except as so averred, Defendant denies all allegations therein.

19. In response to paragraph 19 of the Complaint, Defendant avers that the Unruh Civil Rights Act speaks for itself. Except as so averred, Defendant denies all allegations therein.

20. In response to paragraph 20 of the Complaint, Defendant avers that the "DPA" speaks for itself. Except as so averred, Defendant denies all allegations therein.

21. In response to paragraph 21 of the Complaint, Defendant does not know whether Plaintiff and her husband traveled as described in this paragraph, has special needs as described in this paragraph, and on the basis of this lack of knowledge, denies the allegations in this paragraph.

22. In response to paragraph 22 of the Complaint, Defendant denies that on March 7, 2018 Plaintiff went into Defendant's hotel, and therefore Defendant further denies that Plaintiff was "deterred" from lodging at the hotel.

23. In response to paragraph 23 of the Complaint, Defendant denies that on March 7, 2018 Defendant had personal knowledge of Plaintiff's disability or any barriers related to her disability, or that Plaintiff was "deterred" from lodging at the hotel.

24. In response to paragraph 24 of the Complaint, Defendant denies that any portion of its lobby counter served to preclude Plaintiff from access to Defendant's hotel.

25. In response to paragraph 25 of the Complaint, Defendant denies that Plaintiff has frequented Defendant's hotel in the past.  Defendant is without knowledge as to whether Plaintiff intends to travel to the hotel in the near future, and on that basis denies such allegation.

26. In response to paragraph 26 of the Complaint, Defendant admits Plaintiff did not lodge at the hotel in March 2018.  Defendant is without knowledge as to whether Plaintiff intends to travel to the hotel in the near future, and on that basis denies such allegation.

27. In response to paragraph 27 of the Complaint, Defendant admits it had policies regarding the management and operation of its hotel, but denies that such plans or policies preclude access to the hotel by persons with disabilities.  Other than the foregoing admissions, Defendant denies the remainder of this paragraph.

28. In response to paragraph 28 of the Complaint, Defendant denies persons with disabilities have been injured by Defendant's failure to make the hotel accessible to persons with disabilities. Defendant is without knowledge as to the other factual allegations made by Plaintiff, and on that basis, denies the remainder of this paragraph.

29. In response to paragraph 29 of the Complaint, Defendant denies persons with disabilities have been injured by Defendant's failure to make the hotel accessible to persons with disabilities. Defendant is without knowledge as to the other factual allegations made by Plaintiff, and on that basis,

denies the remainder of this paragraph.

30. In response to paragraph 30 of the Complaint, Defendant incorporates its answers to the prior paragraphs as if fully set forth herein.

31. In response to paragraph 31 of the Complaint, Defendant avers that the provisions of 42 U.S.C. Sec. 12182(a) and 12182(b)(2)(iv) and the 2010 Standards speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

32. In response to paragraph 32 of the Complaint, Defendant avers that the provisions of 42 U.S.C. Sec. 12182(a) and 12182(b)(2)(iv) and the 2010 Standards speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

33. In response to paragraph 33 of the Complaint, Defendant avers that the provisions of the 2010 Standards speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

34. In response to paragraph 34 of the Complaint, Defendant avers that the provisions of 42 U.S.C. 12182(b)(2)(A)(iv) and the 2010 Standards speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

35. In response to paragraph 35 of the Complaint, Defendant denied any ongoing conduct in violation of the statutes cited.

36. In response to paragraph 36 of the Complaint, Defendant avers that the provisions of the ADA, and relief pursuant to that statute, speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

37. In response to paragraph 37 of the Complaint, Defendant incorporates its answers to the prior paragraphs as if fully set forth herein.

38. In response to paragraph 38 of the Complaint, Defendant avers that the Unruh Act provisions speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

39. In response to paragraph 39 of the Complaint, Defendant avers that the Unruh Act provisions speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

40. In response to paragraph 40 of the Complaint, Defendant avers that the Unruh Act provisions speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

41. In response to paragraph 41 of the Complaint, Defendant avers that Calif. Civil Code Section 52, speaks for itself as to its requirements and any relief provided. Except as so averred, Defendant denies all allegations therein.

42. In response to paragraph 42 of the Complaint, Defendant avers that the Unruh Act provisions speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

43. In response to paragraph 43 of the Complaint, Defendant incorporates its answers to the prior paragraphs as if fully set forth herein.

44. In response to paragraph 44 of the Complaint, Defendant avers that the DPA provisions speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

45. In response to paragraph 45 of the Complaint, Defendant avers that the DPA provisions speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

46. In response to paragraph 46 of the Complaint, Defendant avers that the DPA provisions speak for themselves as to their requirements. Except as so averred, Defendant denies all allegations therein.

47. In response to paragraph 47 of the Complaint, Defendant avers that the DPA speaks for itself as to its requirements and any relief provided. Except as so averred, Defendant denies all allegations therein.

48. In response to paragraph 48 of the Complaint, Defendant avers that the DPA provisions speak for themselves as to their requirements and any damages provided. Except as so averred, Defendant denies all allegations therein.

49. In response to the "Verification Complaint with R10-3-405" does not apply to this litigation, and Defendant denies being located within the state where such Compliance is required.

**Affirmative Defenses**

AFFIRMATIVE DEFENSE - ONE

As an affirmative defense, Defendant asserts Plaintiff has failed to state a claim upon which relief may be granted against this Defendant.

AFFIRMATIVE DEFENSE - TWO

As an affirmative defense, Defendant asserts Plaintiff's claims are barred by the applicable statute of limitations.

AFFIRMATIVE DEFENSE - THREE

As an affirmative defense, Defendant asserts Plaintiff has failed to exhaust her administrative remedies under the ADA and/or the Unruh Act.

AFFIRMATIVE DEFENSE - FOUR

As an affirmative defense, Defendant asserts Plaintiff has failed to demonstrate she is a qualified person, so as to be protected by either the ADA and/or the Unruh Act.

AFFIRMATIVE DEFENSE - FIVE

As an affirmative defense, Defendant asserts Plaintiff has failed to demonstrate she sought access to a public facility, so as to invoke the provisions of either the ADA and/or the Unruh Act.

AFFIRMATIVE DEFENSE - SIX

As an affirmative defense, Defendant asserts its business establishment is not subject to the requirements of the ADA and/or the Unruh Act that are identified in this Complaint.

AFFIRMATIVE DEFENSE - SEVEN

As an affirmative defense, Defendant asserts its business establishment is subject to one of the exemptions permitted under the ADA and/or the Unruh Act.

AFFIRMATIVE DEFENSE - EIGHT

As an affirmative defense, Defendants at all times relevant to Plaintiff's claims, acted in conformity with applicable law, regulation, and policy.

//
//
//

## AFFIRMATIVE DEFENSE - NINE

As an affirmative defense, Defendant asserts they have taken all reasonable steps required to accommodate any actually existing disabilities Plaintiff might have, and any other steps required would be unreasonable.

## AFFIRMATIVE DEFENSE - TEN

As an affirmative defense, Defendant asserts they are entitled to any "safe harbor" provisions for facilities built, constructed, and/or modified before any applicable required dates.

## AFFIRMATIVE DEFENSE - ELEVEN

As an affirmative defense, Defendant asserts Plaintiff is demanding that Defendants take action that is not readily achievable for Defendants.

## AFFIRMATIVE DEFENSE - TWELVE

As an affirmative defense, Defendant asserts Plaintiff failed to reasonably mitigate her damages.

## AFFIRMATIVE DEFENSE - THIRTEEN

As an affirmative defense, Defendant asserts that if Plaintiff did suffer or sustain any loss, damage, or injury, some other party was the cause of any such loss, damage, or injury, and Plaintiff has failed to join an indispensable party whose absence either deprives the court of determining complete relief among the existing parties or as a practical matter impairs or impedes a person's interests.

## AFFIRMATIVE DEFENSE - FOURTEEN

As an affirmative defense, Defendant asserts Plaintiff's claims as pled, are uncertain.

## AFFIRMATIVE DEFENSE - FIFTEEN

As an affirmative defense, Defendant asserts Plaintiff's claims are frivolous, unreasonable, and/or without foundation so that Defendants may recover their costs and fees incurred in this action.

//
//
//
//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that this Court:

1. Deny all relief requested by Plaintiff; and
2. Order that Plaintiff take nothing by her action; and
3. Enter judgment in Defendants' favor; and
4. Award Defendants their fees and costs of suit incurred in defending this matter; and
5. Issue whatever other relief this court deems just and proper.

April 2, 2018                              EMPLOYMENT RIGHTS ATTORNEYS


_____/s/_____
RICHARD D. SCHRAMM, ESQ.
Attorneys for Defendant Kenneth S. Manrao